IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES E. WYNN,

                Petitioner,

v.                                            CASE NO. 24-3017-JWL

DAN SCHNURR,

                Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner Charles E. Wynn to challenge his 2019 state-court convictions. (Doc. 1, p. 1.) When he filed the petition, Petitioner neither paid the statutory filing fee of $5.00 nor submitted a motion to proceed in forma pauperis. Thus, on June 28, 2024, the Court issued a notice of deficiency directing Petitioner to either pay the fee or submit a motion to proceed in forma pauperis. (Doc. 2.) The Court has now received payment of the filing fee, so this case may proceed.

      Rule 4 of the Rules Governing § 2254 Cases in the United States District Court requires the Court to review a habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

      This matter is subject to dismissal in its entirety because Petitioner has not stated a ground

on which he could be entitled to federal habeas relief. Petitioner has failed to write anything in the portions of the required form petition in which he is instructed to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States" and to "[s]tate the facts supporting each ground." (Doc. 1, p. 5-11.) Those portions of the form are blank, leaving this Court unable to identify the grounds on which Petitioner believes his state-court conviction should be overturned or vacated, the supporting facts for each ground, and whether Petitioner has properly exhausted his arguments in state court. *See Justice v. Meyer*, 2020 WL 7481673, *1-2 (D. Kan. Oct. 15, 2020) (unpublished) (explaining the requirement to use court-approved forms for § 2254 petitions in this federal district).

Petitioner will be given time in which to file an amended petition that sets forth the information identified in the form petition so that this Court can identify the grounds on which Petitioner seeks federal habeas relief from his state convictions. If Petitioner fails to timely file an amended petition or if he files an amended petition that leaves this Court unable to identify his asserted grounds for relief, , this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including August 30, 2024, in which to file an amended petition in this matter that sets out the grounds on which he seeks federal habeas relief and the facts supporting his claims. The clerk is directed to send § 2254 forms and instructions to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 31st day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge