**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES E. WYNN,**

                        **Petitioner,**

            **v.**                                          **CASE NO. 24-3107-JWL**

**DAN SCHNURR,**

                        **Respondent.**

**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

            This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

by Petitioner Charles E. Wynn, a state prisoner incarcerated at Hutchinson Correctional Facility in

Hutchinson, Kansas. The Court has conducted an initial review of the amended petition (Doc. 4)

under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and

it appears that the grounds asserted within—to the extent that they can be liberally construed to

state plausible grounds for federal habeas relief—are not exhausted. The Court therefore will direct

Petitioner to show why this matter should not be dismissed without prejudice to refiling after he

exhausts his claims in state court.

                                **Background**

            In 2019, a jury in Johnson County, Kansas convicted Petitioner of one count of aggravated

battery, two counts of intimidation of a witness, and five counts of violating a protection from

abuse order. (Doc. 4, p. 1); *State v. Wynn*, 2021 WL 3823679, *1 (Kan. Ct. App. Aug. 27, 2021)

(unpublished), *rev. denied* Feb. 25, 2022. His convictions were based on his domestic abuse of his

girlfriend and subsequent calls he made to his girlfriend from jail after he was arrested for the

domestic abuse. *Wynn*, 2021 WL 3823679, at *1. Petitioner was sentenced to 162 months in prison.

1

(Doc. 4, p. 1.) He appealed his convictions, arguing that "the district court and prosecutor violated his supposed right to a nullifying jury, the prosecutor improperly commented on [Petitioner] and his theory of defense, and the instructions improperly influenced the jury." *Wynn*, 2021 WL 3823679, at *1. The Kansas Court of Appeals (KCOA) affirmed and, in February 2022, the Kansas Supreme Court (KSC) denied Petitioner's petition for review.

In June 2022, Petitioner filed a motion in Johnson County District Court seeking state habeas corpus relief under K.S.A. 60-1507. (Doc. 4, p. 3.) The state district court denied the motion on September 11, 2023. *Id.* Petitioner filed a notice of appeal in the district court. *Id.* at 5; *see also* online docket of Johnson County, Kansas, Case No. 22CV03002 (showing notice of appeal file stamped October 11, 2023).

 On June 27, 2024, Petitioner filed in this Court a petition for federal habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1.) After Petitioner paid the required filing fee, the Court issued an order explaining to Petitioner that this matter was subject to dismissal in its entirety because the required form petition he had filed was largely blank. (Doc. 3, p. 1-2.) Petitioner was given time in which to "file an amended petition that sets forth the information identified in the form petition so that this Court can identify the grounds on which Petitioner seeks federal habeas relief from his state convictions." *Id.* at 2. Petitioner was expressly warned that "if he files an amended petition that leaves this Court unable to identify his asserted grounds for relief[,] this matter may be dismissed without further prior notice to Petitioner." *Id.* Petitioner filed his amended petition on August 8, 2024. (Doc. 4.)

## Rule 4 Standard of Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### The Amended Petition

In the amended petition, Petitioner asserts four grounds for relief from his state-court convictions. In the portion of the form for identifying Ground One, Petitioner writes: "The State was without jurisdiction due to the [s]tale [i]nformation used to obtain the [a]rrest warrant." *Id.* at 5. In the portion of the form for stating "the specific facts that support your claim" in Ground One, Petitioner writes: "No arrest warrant was issued for my arrest at any time the accusation of domestic violence had occurred, Not in March, April or in August as the States witness testified to under oath, as did the Shawnee police officer testifying to his report." *Id.* (capitalization normalized, all other errors in original).

Petitioner identifies Ground Two as "[t]he probable cause affidavit was defective because the information used to obtain it was stale." *Id.* at 6 (capitalization normalized). But as the supporting facts for Ground Two, he asserts only: "I was arrested on failure to pay child support[] and failure to register not domestic violence." *Id.* Ground Three states: "The victim gave prejudiced testimony in court while testifying under oath." *Id.* at 8. As supporting facts for Ground

Three, Petitioner asserts:  "The victim testified to abuses that there is n[ei]ther warrant issued nor evidence of a police complaint. Again I was arrested for failure to pay child support, and failure to register, not domestic violence." *Id.* Finally, as Ground Four, Petitioner asserts that "[t]he prosecution used perjured testimony to obtain a tainted conviction." *Id.* at 9. As the supporting facts for Ground Four, Petitioner asserts:  "Prosecution knowingly allowed the victim to give [prejudiced] testimony under oath, perjuring herself, to obtain a tainted conviction." *Id.* Liberally construing the amended petition, Petitioner seeks relief in the form of the reversal of his state-court conviction and his release from state custody. *Id.* at 14.

## Analysis

### Failure to State a Claim

Petitioner has provided significantly more information in his amended petition than he did in his initial petition. However, even liberally construing the amended petition, the precise nature of Petitioner's claims remains unclear. Ground One is inherently contradictory. It asserts that stale information was used to obtain the arrest warrant, but the supporting facts assert that no arrest warrant was issued. Ground Two also suffers from a disconnect between the asserted ground for relief—that the probable cause affidavit was based on stale information—and the facts asserted to support it—that Petitioner was arrested on grounds other than domestic violence.

To the extent that Grounds Three and Four can be liberally construed to assert grounds for relief based on the victim's testimony, Petitioner has not identified the federal right that was violated by this testimony. A federal "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This means that in order to state a valid claim for federal habeas

4

relief from a state-court conviction, a petitioner must allege the violation of a federal right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Because Petitioner has not identified a federal right that was violated by the testimony challenged in Ground Three or Ground Four, he has failed to state a claim for federal habeas relief.

The Court could simply dismiss this matter for failure to state a plausible claim for federal habeas relief, in accordance with the Court's previous order, or it could allow Petitioner time to submit a second amended petition that states a plausible ground for relief. The Rule 4 review also revealed, however, that Petitioner has not exhausted his state-court remedies and that there may be avenues available for him to do so. Thus, the Court will address exhaustion as well.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

To his credit, Petitioner candidly concedes in his petition that none of the grounds he asserts are exhausted. He explains that he raised these arguments in his 60-1507 motion, but he explains that the "State did not forward [his] notice of appeal to the Court of Appeals after the denial of [his] motion [under] 60-1507, effectively severing [his] access to the Court of Appeals." (Doc. 4,

p. 5, 10.) This Court is unaware of any Kansas law or court rule that requires state district courts to forward notices of appeal to the KCOA. But Kansas law does identify steps a party wishing to appeal a Kansas district court judgment must take in order to docket—or file—his or her appeal with the Kansas appellate courts.

Kansas Supreme Court Rule 2.04(a)(1), which is titled "Docketing an Appeal," provides: "No later than 60 days after a notice of appeal is filed in a district court, *the appellant* must complete or obtain and file with the clerk of the appellate courts" specific identified documents, including the notice of appeal. Kan. S. Ct. R. 2.04(a)(1) (emphasis added). An "appellant" is the "party who appeals a lower court's decision." Black's Law Dictionary, 12th ed. (2024). Thus, it appears that the burden to docket the appeal by providing the necessary documents to the KCOA belongs to Petitioner, not to the Johnson County District Court.

More than 60 days have passed since Petitioner filed his notice of appeal in the state district court, but Kansas Supreme Court Rule 2.04(a)(4) provides guidance on how to file a motion to docket an appeal out of time. This Court will not speculate about how the KCOA might rule on such a motion if Petitioner files it; the Court simply notes that the avenue appears available. In summary, the information now before this Court does not reflect that Petitioner has presented the four grounds for relief in this federal habeas matter to the KCOA, nor does it reflect that Petitioner is precluded from doing so.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891, 92 (10th Cir. 2018). The Court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also

has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991). Petitioner has not shown good cause for the Court to excuse the lack of exhaustion in this matter, so it appears that this matter should be dismissed without prejudice so that Petitioner may pursue his available state-court remedies.

## Conclusion

In short, even liberally construing the pro se amended petition, none of the four asserted grounds for relief are clear. Petitioner has not identified a constitutional violation based on facts that could support a claim for federal habeas relief. Moreover, even if this Court could determine the precise nature of Petitioner's asserted grounds for relief, Petitioner admits that his arguments are not exhausted. It appears, however, that Petitioner may yet have the opportunity to present these arguments to the KCOA through an appeal from the denial of his 60-1507 motion. Petitioner therefore will be granted time in which to show good cause, in writing, why this matter should not be dismissed without prejudice for failure to exhaust. If Petitioner fails to file a timely response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including September 10, 2024, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:   This 9th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

7