IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES E. WYNN,

                Petitioner,

    v.                                          CASE NO. 24-3107-JWL

DAN SCHNURR,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 filed by Petitioner Charles E. Wynn, a state prisoner now incarcerated at Winfield Correctional Facility in Winfield, Kansas. Petitioner seeks relief from his 2019 state-court convictions of aggravated battery, intimidating a witness, and violating a protection from abuse order, for which he was sentenced to 162 months in prison. (Doc. 4, p. 1); *State v. Wynn*, 2021 WL 3823679, *1 (Kan. Ct. App. Aug. 27, 2021) (unpublished), *rev. denied* Feb. 25, 2022. In the operative amended petition, Petitioner asserts four grounds for relief. (Doc. 4, p. 5-6, 8-9.) To his credit, he concedes that none of these grounds for relief are exhausted, asserting that the "State did not forward [his] notice of appeal to the Court of Appeals after the denial of [his] motion [under] 60-1507, effectively severing [his] access to the Court of Appeals." (Doc. 4, p. 5, 10.)

On August 9, 2024, this Court issued a notice and order to show cause (NOSC) explaining that exhaustion is "[a] threshold question" in habeas matters and that "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." (Doc. 5, p. 5 (quoting *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021)) and 6 (quoting *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)).) Because it appeared that

Petitioner could still attempt to docket an appeal from the denial of his K.S.A. 60-1507 motion, the NOSC directed Petitioner to show cause why this matter should not be dismissed without prejudice so that he could do so. (Doc. 5, p. 6-7.) Petitioner has now filed his response to the NOSC. (Doc. 6.)

In his response, Petitioner advises this Court regarding a letter he sent to the Kansas Appellate Defenders Office seeking assistance and a letter he sent to the Johnson County District Court inquiring about the status of his notice of appeal and when counsel would be appointed to represent him. *Id.* This Court cannot speculate on the reasons for the response Petitioner received from the Appellate Defenders Office, nor can it speculate on the reasons for the lack of response to Petitioner's letter to the state district court. In addition, this Court may not act as Petitioner's advocate or give him legal advice. Even liberally construing the response to the NOSC, however, this Court maintains its previous conclusions that the responsibility for docketing an appeal lies with Petitioner and that avenues for state-court relief remain available to him. (*See* Doc. 5, p. 6.)

As explained in the NOSC:

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891, 92 (10th Cir. 2018). The Court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

(Doc. 5, p. 6-7.)

None of the exceptions to the general exhaustion requirement appears to apply in this matter. Accordingly, this matter will be dismissed without prejudice for failure to exhaust. The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that if Petitioner

exhausts his claims in state court, this dismissal will not prevent him from refiling a petition for federal habeas relief under § 2254. Petitioner must, however, comply with the procedural requirements for filing such a petition, including doing so within the applicable statute of limitations.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 3rd day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge